**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ERIC EUGENE HARTWELL, | ) | |
| ID # 37466-086, | ) | |
|         Movant, | ) | No. 3:12-CV-1166-M-BH |
| vs. | ) | No. 3:09-CR-0106-M (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed December 27, 2011 (doc. 1), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Eric Eugene Hartwell (Movant) challenges his federal conviction and sentence in Cause No. 3:09-CR-106-M. The respondent is the United States of America (Government).

**A.    Plea and Sentencing**

Movant was charged by indictment with failure to register as a sex offender in violation of 18 U.S.C. § 2250. (*See* Indictment). On November 24, 2009, he pled guilty without a plea agreement. (*See* docs. 19, 22).[1] He signed a factual resume admitting to facts sufficient to support his plea and stating that: 1) the maximum penalty was ten years imprisonment and a supervised term of life; 2) he had discussed the sentencing guidelines with his attorney and understood that the Court would impose the sentence after it considered the sentencing guidelines and factors outlined in 18 U.S.C. § 3553(a); 3) he understood that the guidelines were not binding and that he could receive

---

[1]  All document numbers refer to the docket number assigned in the underlying criminal action.

the maximum sentence; 4) he would not be able to withdraw his guilty plea if his sentence was longer than he expected; and 5) he had reviewed the case with his attorney, had been given satisfactory explanations, and was satisfied with his attorney's representation. (*See* doc. 19.)

The probation office prepared a pre-sentence report (PSR) calculating Movant's total offense level as 13 after a three-level downward departure for acceptance of responsibility, with a criminal history category IV, resulting in a guideline range of 24 to 30 months. (PSR, ¶¶ 13, 15, 20-21, 59). Neither he nor the Government objected to the PSR, but the Government did file a motion for upward departure or variance from the sentencing guidelines on the grounds that Movant's criminal history category did not adequately reflect the seriousness of his previous criminal conduct. (*See* doc. 26). Movant's trial counsel filed a memorandum objecting to any upward variance in sentence. (doc. 36 at 25-28).

At the sentencing hearing on March 19, 2010, the Court adopted the PSR and granted the Government's motion for an upward departure based on the nature and circumstances of the offense and the Movant's history and characteristics. (doc. 35 at 26, 37-8). It sentenced Movant to 60 months' imprisonment, to be followed by a life term of supervised release, and entered judgment. (*See* Judgment, doc. 28). Movant appealed his sentence on grounds that the Court erred in ordering that it be served consecutively to an unimposed state sentence; the Fifth Circuit affirmed in an unpublished opinion on February 15, 2011. *United States v. Hartwell*, No. 10-10316 (5th Cir. Feb. 15, 2010). His petition for writ of certiorari was denied by the Supreme Court on April 2, 2012. *Hartwell v. United States*, No. 10-10727 (U.S. June 20, 2011).

**B.      Substantive Claims**

Movant asserts the following claims:

(1)   his guilty plea was involuntary because the court did not fully explain the

2

potential length of his post-release supervision (ground one, Mot. at 8);

(2) the district court was without jurisdiction to enhance his sentence based on relevant conduct (ground four, Mot. at 9); and

(3) his trial attorney rendered ineffective assistance of counsel by failing to:

–provide Movant a copy of the PSR before objections were due (ground two, Mot. at 8)

–inform Movant that the Government had filed a motion for upward departure from sentencing guidelines (ground three, Mot. at 9);

–object that the Court did not have jurisdiction to enhance his sentence based on relevant conduct (ground four, Mot. at 9);

–investigate, prepare, and present oral argument regarding the motion for upward departure from the sentencing guidelines (ground five, Mot. at 10); and

–investigate, prepare, and present oral argument regarding Movant's sex offender tier level classification (ground six, Mot. at 10-11).

The Government filed a response brief on June 12, 2012. (*See* Resp. Opp'n Mot. (Resp.)). Movant filed a reply brief on July 10, 2012.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defend-

ants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense.  *Willis*, 273 F.3d at 597.

### III.  VOLUNTARINESS OF PLEA

Movant first asserts that his plea was involuntary because he was not properly advised that he could be subject to supervised release for life.

A plea of guilty waives a number of constitutional rights.  *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969).  Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."  *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748).  A plea induced by threats, improper promises, deception, or misrepresentation is not voluntary.  *See United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."  *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)).  In

determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic under-standing of the consequences of a guilty plea." *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

Movant asserts that his plea was involuntary because the court failed to adequately explain that he could be sentenced to supervised release for life, and he did not understand the deprivation of liberty involved in supervised release. At his plea hearing, he was informed that the term of imprisonment could not exceed the maximum of ten years and that the Court *must* impose a term of supervised release of not less than five years and up to life. (doc. 34 at 11). Movant was also informed that the Court was not bound by the sentencing guidelines and could depart from them, as long as the departure was reasonable. He stated that he understood this and that he had discussed the sentencing guidelines with his attorney. *Id*. at 7-8. As noted, Movant signed a factual resume

5

specifically stating that the maximum penalty was ten years and a life term of supervised release, that he had discussed the sentencing guidelines with his attorney, and that he understood that the guidelines were not binding and that he could receive the maximum sentence. (doc. 19).

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has not overcome his own sworn statements or the record, both of which reflect that he understood the consequences of his guilty plea, including the possibility that his sentence could include supervised release for life. He had a realistic understanding of the consequences of his guilty plea, and his guilty plea was therefore voluntary. His first ground for relief is without merit.

## IV. COURT ERROR

Movant also asserts that the Court erred by enhancing his sentence based on relevant conduct because it did not have jurisdiction to do so. He claims that his prior offenses were not similar offenses, and that a large interval of time had passed since his prior offenses involving sexual crimes. Movant also disagrees with how his conduct was characterized in the PSR. (Reply at 8-9).

This claim is procedurally barred from consideration on collateral review because movant has shown neither cause nor prejudice for his failure to raise it on direct appeal. *Shaid*, 937 F.2d at

6

232. Even if cause and prejudice were shown, this claim is without merit because Movant's relevant conduct is set forth in the PSR in detail. He pled guilty in this Court to failure to register in the State of Washington. He was convicted in that state in 1991 for rape of a six-year-old child and in 1996 for both failure to register and attempted indecent liberties on a pregnant hitchhiker he picked up and attempted to rape. He absconded from Washington in 2000, registered as a sex offender in Colorado, and then absconded again and lived in numerous states without registering as a sex offender for seven years. In 2007, he was again convicted of failing to register as a sex offender in Washington. After he was released from incarceration in 2009 and placed on community supervision, he cut the monitor off of his ankle and fled to Texas. Movant was also identified by DNA evidence in 2003 as the suspect in a sexual assault case in California, but the case was never filed because the victim was uncooperative. (PSR ¶¶ 5, 6, 23, 30).[2]

The district court outlined at the sentencing hearing its specific reasons for granting the motion for an upward departure in sentencing: in considering the factors in 18 U.S.C. § 3553(a), an upward variance in sentencing was warranted because the guideline range was too low to reflect the seriousness of the offense, to promote respect for the law, to punish and deter criminal conduct, and to protect the public from future crimes which movant might commit. (doc. 35 at 36-8). Movant's sentence was therefore "reasonable under the totality of the relevant statutory factors" properly considered by the district court. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir.2008). This ground is without merit and should be denied.

## V. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant next claims that his trial attorney provided ineffective assistance by failing to

---

[2] With regard to the uncharged case, the district court considered his failure to cooperate with officials in the investigation of the case, not his guilt or innocence. (doc. 35 at 35).

provide him with a copy of the PSR before objections were due and to inform him that the Government had filed a motion for upward departure (grounds two, three); by failing to object that the Court did not have jurisdiction to enhance his sentence based on relevant conduct (ground four); and by failing to investigate, prepare, and present oral argument regarding the motion for upward departure and Movant's sex offender tier level classification (grounds five, six).

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland*

8

is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant has failed to establish by a preponderance of the evidence either deficient performance or prejudice from any alleged actions or inactions of his trial attorney. He does not demonstrate that there is a reasonable probability that his sentence would have been less harsh if counsel had provided him with a copy of the PSR or advised him of the Government's motion. Movant asserts that by not providing a copy to him, counsel forfeited any objections, (Reply at 8), but he does not identify potential non-frivolous objections that counsel could have made. Counsel filed a sentencing memorandum in response to the Government's motion discussing Movant's criminal history category and the statutory sentencing factors in detail. (*See* doc. 36 at 25-28).

Movant further contends that counsel was ineffective for failing object to the Court's consideration of relevant conduct, but he does not demonstrate how such an objection would have resulted in a lower sentence. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). Finally, he claims that counsel was ineffective for failing to investigate and argue at sentencing that his sex offender tier classification was incorrect, and to investigate and argue against the motion for upward departure. A movant "must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of the proceeding. *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008) (accepting recommendation of Mag. J.) (quoting *United States v. Green*, 882 F.2d 999, 1003

(5th Cir. 1989)). Movant fails to do so in this case. As noted, counsel submitted a sentencing memorandum objecting to the Government's motion in detail. The factors supporting the motion were discussed at sentencing, as were the factors that led to the probation officer's determination of Movant's sex offender classification. (doc. 35 at 23-24, 35-38). Movant has not shown a reasonable probability that further investigation or argument on these points would have resulted in a lesser sentence.[3] His claims of ineffective assistance of trial counsel should be denied.

## VI. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VII. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED** this 11th day of April, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] At Movant's sentencing hearing, counsel argued that his sentence should not be raised in part because his classification as a Tier III sex offender was taken into account when the guideline was calculated. (doc. 35 at 21). Movant has not shown that a lowering of this classification, resulting in a lower sentencing guideline, would have benefitted him.

10

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE